United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Devoris Morgan, Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-20250-Civ-Scola |
| Nancy Berryhill, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| Defendant | ) | |

## Order Adopting and Affirming Magistrate Judge's Report and Recommendation

This matter was referred to United States Magistrate Edwin G. Torres for a report and recommendation on the parties' cross motions for summary judgment. On October 31, 2019, Judge Torres issued a Report and Recommendation (the "Report"), recommending that the Court grant the Defendant's motion and deny the Plaintiff's motion. (Report, ECF No. 32.) The Plaintiff filed Objections to the Magistrate's Report (ECF No. 34) and the Defendant timely responded. (ECF No. 40.) The matter is now ripe for the Court's review.

## I.    Background

Plaintiff Morgan was diagnosed with human immunodeficiency virus ("HIV") in 2004. (ECF No. 32 at 3.) He applied for supplemental social security income on February 14, 2013, alleging that he suffered certain mental impairments and complications arising from his HIV infection. The Commissioner denied Morgan's application, determining that his condition was not so severe that he could not work. (*Id.*) Morgan timely sought reconsideration of this decision and again was denied. Morgan appealed his case and asked that his case be heard by an Administrative Law Judge ("ALJ"). (*Id.*) During the hearing, Dr. Numogotta and Brenda Martinez, a vocational expert, testified. The ALJ ultimately found that Morgan did not qualify for disability benefits. (*Id.* at 8.) Morgan appealed the ALJ's decision to the Appeals Council (the "AC"). The AC denied review on July 26, 2017.

## II.    Legal Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed.Appx.

781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort,* 208 Fed.Appx. at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort,* 208 Fed.Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)).

## III. Analysis

The Plaintiff objects to Judge Torres's Report on three grounds: (1) Judge Torres's holding that the old Social Security Administration listings applied was error; (2) Judge Torres's "rubberstamping" of the ALJ's refusal to credit Morgan's treating physicians; and (3) Judge Torres's failure to credit chronologically relevant new evidence. (ECF No. 34 at 1.) The Court will address each argument in turn.

### A. The Applicable Listings

The issue before the Court is whether the AC erred in failing to consider Morgan's condition under the revised listings for claims involving mental disorders and HIV infection. The ALJ's decision was rendered on August 9, 2016. Morgan submitted his appeal to the AC on September 29, 2016. The AC denied review on July 26, 2017. (ECF No. 34 at 2.) Before the AC denied review, on January 17, 2017, the Social Security Administration revised Listing 12.04 and Listing 14.11, which changed certain criteria for evaluating Morgan's claimed disabilities. (*Id.*) Judge Torres reasoned that, because the AC's decision to deny review renders the ALJ's decision a "final decision," the ALJ's "final decision" occurred on August 9, 2016. (ECF No. 32 at 10.) The "final decision" therefore occurred about five months *before* the new listing criteria became effective. Accordingly, the AC did not err when it declined to apply the new listings.

In his objections, Morgan argues that the revised listing specifically indicates that it will apply "to new applications filed on or after the effective date of this final rule and to claims that are pending on or after the effective date." (ECF No. 34 at 3.) According to Morgan, his case was still "pending" on the date the new listings were enacted because the AC had not yet rendered a decision. Therefore, the AC should have applied the new listings. In response, the Government agrees with Judge Torres and provides additional support for its

position. The Government points to a footnote in the new listings which states that the Social Security Administration will use "this final rule on and after their effective date, in any case in which we make a determination or decision." (ECF No. 40 at 2.) According to the Government, when the AC denies a claimant's request for review, it does not issue a "determination or decision" as contemplated in the regulation's language because the claim is past the initial and reconsideration stages. (*Id.*) Therefore, the AC was not required to apply the revised listings. The Government agrees that if the AC had granted review, it would be required to apply the revised listings. (*Id.* at 3.)

The revised listing provides guidance as to how the new rule will be applied.

> We will begin to use this final rule on its effective date. We will continue to use the current listings until the date this final rule becomes effective. We will apply the final rule to new applications filed on or after the effective date of this final rule and to claims that are pending on or after the effective date.

81 Fed. Reg. 86915-01, 2016 WL 7013724, at *86922 (Dec. 2, 2016). A footnote to this statement provides further guidance to the federal courts: "This means that we will use this final rule on and after their effective date, in any case in which we make a determination or decision. *We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.*" *Id.* at n.22 (emphasis added). The final decision at issue in this case is the ALJ's August 9, 2016 decision since the AC denied review. *See Dames v. Comm'r of Soc.*, 743 F. App'x 370, 371 (11th Cir. 2018) ("When, as in this case, the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision."). Because the ALJ rendered a decision before the effective date of the new listings, the old listings apply. *See id.* at *372-73 (applying the old version of a listing even though there was a post-decision amendment because the change was after the ALJ's decision).

Morgan cites to district court decisions from other circuits holding that new regulations should be applied to claims even where the AC denies review. (ECF No. 34 at 4.) *See Cliggett v. Barnhart*, No. 05-583, 2005 U.S. Dist. LEXIS 20637, at *11 (E.D. Pa. Sept. 20, 2005). The problem with cases such as *Cligett* is that the regulation's implementing language stated that, "we will apply these final rules to the claims of applicants for benefits that are pending at *any stage* of our administrative review process." *Id.* at *1 (emphasis added). Here, there is no such language in the regulations. Accordingly, the Court finds that Judge Torres did not err in holding that the old listings applied to Morgan's case.

### B. The ALJ's refusal to credit Morgan's treating physicians

Judge Torres concluded that the ALJ had good cause to disregard or give little weight to Morgan's treating physicians. In his objections, Morgan asserts that Judge Torres simply restates the ALJ's decision and did not analyze the record evidence or conduct a meaningful review. (ECF No. 34 at 7.) In response, the Government asserts that this objection is frivolous and should not be considered. (ECF No. 40 at 14.)

A district court may not "decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Mitchell v. Comm'r, SSA*, 771 F.3d 780, 782 (11th Cir. 2014). Here, there is no evidence that Judge Torres did not analyze the record or conduct a meaningful review of the ALJ's decision. (*See* ECF No. 32 at 14-21.) The ALJ made clearly articulated credibility findings and pointed to specific reasons for discrediting the doctors' opinions. Accordingly, the district court will not reweigh the evidence or disturb a decision that is clearly supported by substantial evidence. *Id.*

### C. The AC's failure to credit chronologically relevant new evidence

Morgan also objects to Judge Torres's holding that the AC was not required to address medical evidence that was not "chronologically relevant." Morgan submitted new medical records from Jackson Health System dated from January 10, 2017 to April 4, 2017. (ECF No. 25 at 12.) Because the ALJ decided the case through August 9, 2016, the new evidence was not chronologically relevant. (*Id.*) According to Morgan, the new evidence should have been considered because it related to earlier records and treatment. Morgan also argues that he filed the additional evidence to show that he fulfilled the criteria under the new HIV listing.

Morgan's new evidence merely showed that Morgan continued to receive treatment after the ALJ denied his request for treatment. While these records may relate to the same disease and conditions considered by the ALJ, that does not make the evidence chronologically relevant. *See Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (a "recurrent" diagnosis is "not enough, in and of itself, to demonstrate that the records are chronologically relevant."). Moreover, the new evidence does not include findings specifically relating back to Morgan's earlier records. *See Ring v. Soc. Sec. Admin.*, 728 F. App'x 966, 969 (11th Cir. 2018) (evidence not chronologically relevant where it "did not discuss [the doctor's] findings in relation to [claimant's] earlier medical records and treatment").

## IV.     Conclusion

The Court has also reviewed the remaining parts of the Report for clear error. Upon this review, the Court finds no clear error evident in Judge Torres's conclusions. Therefore, the Court **affirms and adopts** the report and recommendation (**ECF No. 32**), **grants** the Commissioner's motion for summary judgment (**ECF No. 27**), and **denies** Morgan's motion for summary judgment (**ECF No. 26**). The Court thus directs the Clerk to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida on January 9, 2020.

Robert N. Scola, Jr.
United States District Judge